IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY § § § | |
| **Plaintiff** § | CIVIL ACTION NO. _____ |
| § | |
| vs. § | ACTION FOR DECLARATORY |
| § | RELIEF |
| SCD MEMORIAL PLACE II, LLC § | |
| **Defendant** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR <u>DECLARATORY JUDGMENT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Landmark American Insurance Company ("Landmark") files this Original Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201. This is an insurance coverage dispute arising from Hurricane Harvey. Landmark respectfully shows the Court as follows:

### I. <u>THE PARTIES</u>

1.  Plaintiff Landmark is a New Hampshire corporation, with its principal place of business in Georgia.

2.  Defendant SCD Memorial Drive II, LLC ("SCD Memorial") is a company organized under the laws of Delaware, with its principal place of business in Houston, Texas. It can be served through its registered agent: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## II. JURISDICTION

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201 because complete diversity exists between the parties, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and Landmark seeks declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, the Federal Declaratory Judgment statute.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the property at issue is located in this district.

## III. INTRODUCTION AND BACKGROUND

5. SCD Memorial owned an office building located at 15377 Memorial Drive, Houston, Texas 77079 (the "Property"). SCD Memorial was an Additional Named Insured under a Commercial Property Policy called a "Master 'All Risks' Global Property Policy" issued by Lexington Insurance Company (Lexington"), Policy 021565662, with effective dates of August 31, 2016 to August 31, 2017 (the "Lexington Policy"). (**Exhibit 1** – Lexington Policy, I. Declarations).[1]

6. The Lexington Policy provided coverage to SCD Memorial for damage to the Property caused by "all risks" of loss unless expressly excluded under the Lexington Policy.

7. The Lexington Policy contained a deductible of 2.5% of the Total Insurable Value of the Property at the time of the loss for damage arising out of a Named Storm in Harris County, Texas. (**Exhibit 1** – Lexington Policy, I. Declarations, E. Deductibles, Windstorm or Hail).

8. The deductible in a Commercial Property Policy, like the Lexington Policy, is an amount the insurer deducts from a covered loss before the insurer pays under its policy for the

---

[1] The Named Insured on the Lexington Policy is Skanska USA Commercial Development, Inc. ("Skanska"). SCD Memorial is an entity affiliated with Skanska and is an Additional Named Insured on the Lexington Policy.

2

covered loss. The deductible amount, therefore, is an amount the insured has to pay itself for repairs to its property.

9. SCD Memorial was also the Named Insured under a Deductible Buy Back policy issued by Landmark, Policy No. LHD397789, with effective dates of August 31, 2016 to September 7, 2017 (the "Landmark Policy"). **(Exhibit 2** – Landmark Policy, Deductible Buy Back Schedule and Endorsement No. 1).

10. The Landmark Policy provided deductible buy back coverage for the Property if the Property was damaged by "Windstorm or Hail associated with a Named Storm." **(Exhibit 2** – Landmark Policy, Deductible Buy Back Schedule). Therefore, in contrast with the Lexington Policy, which provided coverage on an "all risks" basis, the Landmark Policy provided coverage only for named perils: "Windstorm or Hail associated with a Named Storm."

11. A Deductible Buy Back policy,[2] like the Landmark Policy, is a specific type of insurance policy that is purchased by an insured to provide coverage for the amount, or part of the amount, of the deductible in another policy purchased by the insured. In other words, when an insured purchases a policy with a high deductible from one insurer, it may also purchase a separate policy from another insurer to cover losses in a layer below the high deductible. Therefore, a deductible buy back policy is insurance that functions to reduce the insured's deductible under another policy. It is axiomatic that with windstorm or hail deductible buy back coverage, the coverage only applies if the damage was caused by wind or hail.

12. The Landmark Policy provided SCD Memorial with Deductible Buy Back coverage for a portion of the deductible in the Lexington Policy in the event of damage to SCD Memorial's Property caused by Windstorm or Hail associated with a Named Storm.

---

[2] Deductible Buy Back policies are also known as Deductible Buy Down policies.

13. In this case, however, the Property suffered flood damage arising out of Hurricane Harvey. Hurricane Harvey was a Named Storm. The Property did not suffer windstorm or hail damage arising out of Hurricane Harvey. The damage to the Property was fully investigated by Lexington and by SCD Memorial and determined to be wholly caused by the peril of flood. There was no evidence the Property suffered damage from the perils of windstorm or hail associated with Hurricane Harvey.

14. Because the Lexington Policy provided SCD Memorial with coverage for damage caused by the peril of flood, the Lexington Policy paid SCD Memorial for flood damage after applying the Lexington Policy's deductible of 2.5 % of the Total Insurable Value of the Property.

15. SCD Memorial made a claim under the Landmark Policy for Landmark to issue payment in the amount of $1,527,500, which is the Landmark Policy limit for the deductible buy back coverage for losses caused by the perils of windstorm or hail associated with a Named Storm.

16. Landmark sent a letter to SCD Memorial on or about February 28, 2018 explaining that it appeared the Landmark Policy was not triggered by SCD Memorial's Hurricane Harvey claim because the Landmark Policy did not provide coverage if the loss at issue was caused by the peril of flood, because the Landmark Policy only provided coverage for loss caused by the perils of windstorm or hail. Because there was no evidence at that time of damage to the Property from windstorm or hail arising from Hurricane Harvey, Landmark explained that the Landmark Policy was not triggered. Landmark, however, left the claim open in the event SCD Memorial submitted evidence of wind damage at the Property associated with Hurricane Harvey. (**Exhibit 3** – 2/28/2018 Letter from RSUI (Landmark's parent company) to SCD Memorial).

17.     Thereafter, SCM Memorial never submitted any evidence to Landmark of wind or hail damage at the Property associated with Hurricane Harvey.

18.     Then, on or about February 6, 2019, Landmark received a letter from SCD Memorial. The letter, however, does not present any evidence of wind or hail damage at the Property associated with Hurricane Harvey. Rather, SCD Memorial asserts that the Landmark Policy should apply by taking an unusual and unsupported position that the damage to the Property was not caused by the peril of flood, but rather was caused by failed flood control. SCD Memorial appears to contend that because the controlled releases of water from the Addicks and Barker reservoirs prevented those reservoirs from overflowing, but caused Buffalo Bayou to overflow its banks and cause flood damage to the Property, the Property was not damaged by flood. (**Exhibit 4** – 2/6/2019 Letter from counsel for SCD Memorial to RSUI).

19.     This argument is groundless for at least three main reasons. First, SCD Memorial was paid by Lexington for flood damage. "Flood" is defined in the Lexington Policy as "a rising and overflowing of a body of water onto normally dry land including that which results from tsunami, tidal wave, seismic wave, or series thereof caused by any one disturbance. Such definition includes Storm Surge. However, ensuing physical loss, damage or destruction arising from a peril not otherwise excluded herein caused by such 'Flood' shall not be considered 'Flood' within the terms and conditions of this Policy." (**Exhibit 1** – Lexington Policy, VIII. Definitions, g. Flood).

20.     During Lexington's investigation and adjustment of SCD Memorial's Hurricane Harvey claim, the damage to the Property was determined to have been caused by the peril of flood arising out of Hurricane Harvey. The Property was damaged because Buffalo Bayou, which is a body of water, overflowed onto normally dry land and flooded the Property. On

5

information and belief, all of the claim and repair professionals hired by Lexington and by SCD Memorial involved in the investigation and adjustment of SCD Memorial's claim determined that the damage to the Property was caused by the peril of flood arising from Hurricane Harvey as defined in and covered by the Lexington Policy, and not from some other peril, such as wind or hail.

21. Second, SCD Memorial itself considered the damage to its Property to have been caused by flood arising out of Hurricane Harvey because it accepted insurance proceeds in the millions of dollars from Lexington for damage arising from the peril of flood. Therefore, SCD Memorial cannot now take a wholly contrary position to argue that damage to the Property was not caused by flood.

22. Third, even under SCD Memorial's argument that the Property was not damaged by flood, in order for the Landmark Policy to apply, the damage to the Property had to have been caused by the perils of Windstorm or Hail associated with Hurricane Harvey. There is no evidence the Property sustained any damage from windstorm or hail associated with Hurricane Harvey.

23. Landmark has filed this declaratory judgment action for a determination that the Landmark Policy does not provide SCD Memorial with deductible buy back coverage for its Hurricane Harvey claim.

### IV. SUMMARY OF COVERAGE ISSUES

24. Landmark seeks a declaration as to the following coverage issues:

25. The Landmark Policy provides deductible buy back coverage only if the loss at issue was caused by the perils of Windstorm or Hail associated with a Named Storm;

26. The Landmark Policy does not provide deductible buy back coverage for losses caused by the peril of flood;

27. Because the loss at the Property was caused by the peril of flood, there is no deductible buy back coverage under the Landmark Policy for SCD Memorial's Hurricane Harvey claim;

28. Even if the loss at the Property was not caused by the peril of flood, there is no deductible buy back coverage for SCD Memorial's claim under the Landmark Policy because the damage was not caused by the perils of Windstorm or Hail associated with Hurricane Harvey.

## V. THE LANDMARK POLICY

29. The provisions of the Landmark Policy are incorporated herein by reference.

30. All conditions precedent to filing this lawsuit have occurred.

31. The following sets forth the pertinent provisions of the Landmark Policy:

32. The Landmark Policy's "Deductible Buy Back Schedule" specifically sets forth the following:

**DEDUCTIBLE BUY BACK SCHEDULE**

\* \* \*

Item

\* \* \*

3. Perils Covered: Windstorm or Hail associated with a Named Storm\*\*

   Excluding Terrorism

   \*\*Following Named Storm definition in Lexington Insurance Company's policy.

\* \* \*

5. Primary Insurers and Policy Numbers:   Lexington Insurance Company
   Policy No. 021565662

6. Deductible: $250,000 Per Occurrence (Combined Property Damage and Rental Value)

7. Limit Insured: $1,527,500 Per Occurrence, not to exceed 2.5% of Total insurable values at time of loss

7

\* \* \*

(**Exhibit 2** – Landmark Policy, Deductible Buy Back Schedule and Endorsement No. 1).

33. The Landmark Policy's "Deductible Buy Back Coverage Form" provides as follows (emphasis added):

### DEDUCTIBLE BUY BACK COVERAGE FORM

1. INSURING CLAUSE:

Subject to the limitations, terms and conditions contained in this Policy or added hereto, the Company agrees to indemnify the Insured named in the schedule herein in respect of direct physical loss or damage to the property described in the schedule while located or contained as described in the schedule, occurring during the period stated in the schedule and **caused by any of such perils as are set forth in Item 3 of the schedule**, and which are also covered by and defined in the policy/ies specified in the schedule and issued by the "Primary Insurer(s)" stated therein.

\* \* \*

3. DEFINITIONS:

   (a) **Loss:** The word "loss" shall mean a loss or series of losses arising out of one event or occurrence.

   (b) **Ultimate Net Loss:** The words "ultimate net loss" shall mean the loss sustained by the Insured as a result of the happening of **the perils covered by this Policy** after making deductions for all salvages, recoveries and other valid and collectible insurance [other than recoveries under the policy/ies of the primary and underlying excess insurer(s)].

\* \* \*

5. MAINTENANCE OF PRIMARY INSURANCE:

**In respect of the perils hereby insured against,** this Policy is subject to the same warranties, terms, and conditions (except as regards the premium, the amount and limits of liability other than the deductible or self-insurance provisions where applicable, and the renewal agreement, if any; and EXCEPT AS OTHERWISE PROVIDED HEREIN) as are contained in or as may be added to the policy/ies of the primary insurer(s) prior to the happening of a loss for which claim is made hereunder, and should any alteration be made in the premium for the policy/ies of the primary insurer(s), then the premium hereon shall be adjusted accordingly.

It is a condition of this Policy that the policy/ies and underlying excess insurer(s) shall be maintained in full effect during the currency of this Policy.

\* \* \*

(**Exhibit 2** – Landmark Policy, Deductible Buy Back Coverage Form).

34. The Insuring Clause of the Landmark Policy makes clear that it only provides Deductible Buy Back coverage for loss or damage "caused by any such perils as are set forth in Item 3 of the schedule." Item 3 of the Schedule, as shown above, specifically lists the perils covered by the Landmark Policy as "Windstorm or Hail associated with a Named Storm." Flood is not a covered peril.

35. Likewise, other provisions in the Deductible Buy Back Coverage Form cited above also explicitly reference that the coverage under the Landmark Policy relates only to **the perils covered** or **insured** by this Policy, which are Windstorm or Hail associated with a Named Storm.

36. The Deductible Buy Back Schedule states that the Landmark Policy uses the definition of "Named Storm" contained in the Lexington Policy. The Lexington Policy defines "Named Storm" as "a storm that has been declared by the National Weather Service to be a Hurricane, Typhoon, Tropical Cyclone, Tropical Storm or Tropical Depression). (**Exhibit 1** – Lexington Policy, I. Declarations, E. Deductibles, Windstorm or Hail). Hurricane Harvey was a Named Storm.

37. Accordingly, applying the above to SCD Memorial's claim at issue, the Landmark Policy could only provide deductible buy back coverage for damages caused by the perils of Windstorm or Hail associated with Hurricane Harvey. Because none of the damages at the Property were caused by the perils of Windstorm or Hail associated with Hurricane Harvey, the Landmark Policy was not triggered.

### VI. CLAIM FOR DECLARATORY RELIEF

38. Landmark hereby incorporates by reference the preceding paragraphs.

39. Pursuant to 28 U.S.C. § 2201, Landmark seeks a declaration including, but not limited to, the following:

    A.    The Landmark Policy provides deductible buy back coverage only if the loss at issue was caused by the perils of Windstorm or Hail associated with a Named Storm;

    B.    The Landmark Policy does not provide deductible buy back coverage for losses caused by the peril of flood;

    C.    Because the loss at the Property was caused by the peril of flood, there is no deductible buy back coverage under the Landmark Policy for SCD Memorial's Hurricane Harvey claim;

    D.    Even if the loss at the Property was not caused by the peril of flood, there is no deductible buy back coverage for SCD Memorial's claim under the Landmark Policy because the damage was not caused by the perils of Windstorm or Hail associated with Hurricane Harvey.

40. Landmark reserves the right to assert additional Policy provisions as the case develops, as there may be other provisions that apply of which Landmark has no present knowledge. Therefore, Landmark requests that the Court make such other and further declarations as may be appropriate.

THEREFORE, Landmark prays that SCD Memorial be summoned to appear and answer herein, and that upon trial hereof, the Court declare that there is no coverage afforded to SCD Memorial under the Landmark Policy for SCD Memorial's Hurricane Harvey claim; and that Landmark be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: /s/ Jay W. Brown

**Jay W. Brown**
Texas Bar No. 03138830
jbrown@winstead.com
**Hilary C. Borow**
Texas Bar. No. 00787106
hborow@winstead.com
WINSTEAD PC
600 Travis Street, Suite 5200
Houston, Texas 77002
Telephone: (713) 650-8400
Facsimile: (713) 650-2400

**ATTORNEYS FOR PLAINTIFF LANDMARK AMERICAN INSURANCE COMPANY**

4851-9738-1001