Case 4:19-cv-00838 Document 26 Filed on 12/19/19 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
December 20, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | § § § |
| Plaintiff, | § § |
| V. | § CIVIL ACTION NO. H-19-0838 |
| SCD MEMORIAL PLACE II, LLC, | § § § |
| Defendant. | § § |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this case which has been referred for all pretrial proceedings is Defendant SCD Memorial Place II, LLC's Motion to Dismiss (Document No. 12), in which Defendant maintains that this case should be dismissed with prejudice pursuant to Rule 12(b)(6) or 12(b)(1) for failure to state a claim and/or for lack of a substantial case or controversy, <u>or</u> dismissed without prejudice based on Plaintiff's failure to comply with § 542A.003(e) of the Texas Insurance Code. Defendant additionally and alternatively argues that the Court should abstain from exercising jurisdiction over this declaratory judgment case. Having considered the motion, the response, the parties' additional briefing, the allegations in Plaintiffs' First Amended Complaint for Declaratory Judgment (Document No. 8), the insurance policy at issue, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion be DENIED.

**I.   Background**

On March 8, 2019, Plaintiff Landmark American Insurance Company ("Landmark") filed this lawsuit against its insured, SCD Memorial Place II, LLC ("Memorial Place"), seeking a

declaration that the "Deductible Buy Back policy" it issued to Memorial Place does not cover the loss sustained to the property located at 15377 Memorial Drive, Houston, during and in connection with Hurricane Harvey. According to Landmark, the damage to the property was "flood" damage, not windstorm damage, and consequently, the insurance and its coverage language: "Perils Covered: Windstorm or Hail associated with a Named Storm," does not apply to the damage sustained. Landmark "seeks a declaration including, but not limited to, the following:

> A. The Landmark Policy provides deductible buy back coverage only if the loss at issue was caused by the perils of Windstorm or Hail associated with a Named Storm;
>
> B. The Landmark Policy does not provide buy back coverage for losses caused by the peril of flood;
>
> C. Because the loss at the Property was caused by the peril of flood, there is no deductible buy back coverage under the Landmark Policy for SCD Memorial's Hurricane Harvey claim;
>
> D. Because the loss at the Property was not caused by the perils of windstorm or hair, there is no deductible buy back coverage for SCD Memorial's claim under the Landmark policy.

Plaintiff's First Amended Complaint (Document No. 8) at 11).

Memorial Place, in response, seeks dismissal of this Declaratory Judgment action on three bases. First, Memorial Place argues that Landmark's position is based on the factual impossibility that Hurricane Harvey was not a windstorm. Second, Memorial Place argues that "there is no cognizable case or controversy under Article III" because the declaratory relief sought is contrary to a plain reading of the policy. And, third, Memorial Place argues that Landmark raced to the courthouse to file this declaratory judgment action and did so in contravention of the limitations and conditions provided for under article 542A.003 of the Texas Insurance Code. Memorial Place

2

additionally and alternatively argues that the Court should exercise its discretion and abstain from deciding this case in favor of a pending, subsequently filed state court action.

## II. Discussion

Memorial Place's first two arguments – that dismissal is proper for failure to state a claim under Rule 12(b)(6) and that dismissal is proper for lack of subject matter jurisdiction insofar as there is no viable "case or controversy" – are essentially the same argument. That is, both dismissal arguments are premised on the "factual impossibility" of the declaratory relief sought by Landmark. According to Memorial Place:

> Because the First Amended Complaint seeks a counter-factual ruling that Hurricane Harvey was not a Windstorm, it should be dismissed as a matter of law under Rule 12(b)(6). . . For the same reason, there is no cognizable case or controversy under Article III of the U.S. Constitution, and this Court lacks jurisdiction. The First Amended Complaint should also be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Motion to Dismiss (Document No. 12) at 12-13. Landmark responds to these two arguments by pointing to the factual allegations in its Complaint and the policy coverage dispute it maintains is clearly reflected in those allegations. In particular, Landmark argues that it is not seeking a declaration that Hurricane Harvey was not a windstorm, as posited by Memorial Place as the basis of its Rule 12(b)(1) and 12(b)(6) motion to dismiss; instead, it is seeking a declaration that the policy does not provide coverage for the flood damage sustained to the property because the policy did not provide coverage for the "peril" of flooding.

Having considered the parties' legal arguments in connection with the terms of the policy at issue, it can only be concluded that there *is* a actual dispute between the parties, and therefore a

3

controversy, about the coverage provided by the insurance policy made the basis of this suit. Landmark maintains that the policy does not provide coverage because the damage was undoubtedly flood damage. Memorial Place, in contrast, maintains that the policy does provide coverage because the damage, whether it was water damage from floodwaters or not, was related to and associated with, Hurricane Harvey – a named "windstorm." Additionally, Landmark's allegations – those that are factual and those that are legal – state a plausible coverage dispute claim under the Declaratory Judgment Act. Dismissal is therefore not warranted under Rule 12(b)(1) or 12(b)(6).

With that being said, however, the terms of the policy at issue, taken together with the undeniable fact that Hurricane Harvey was a named wind-based storm, *see Pan Am Equities, Inc. v. Lexington Ins. Co.*, No. CV H-18-2937, 2019 WL 2115173, at *3 (S.D. Tex. May 2, 2019) ("a hurricane is 'a windstorm by any definition'"), make this dispute ripe for disposition, albeit not on the procedural grounds advanced by Memorial Place. That is because while it could be decided, on this record, whether Landmark is entitled to the declarations it seeks, neither Rule 12(b)(6) nor 12(b)(1) provides the appropriate procedural mechanism for making such a determination. All Rule 12(b)(6) and 12(b)(1) allow the Court to do is to determine whether there is an actual coverage dispute between the parties and whether Landmark has stated a plausible declaratory judgment claim against Memorial Place. Because there is an actual coverage dispute between the parties and because Landmark's allegations in its Complaint state a *plausible* declaratory judgment claim, Memorial Place's Rule 12(b)(1) and 12(b)(6) motion to dismiss that claim must be denied.

As for Memorial Place's third argument for dismissal – that Landmark did not comply with the requirements of Article 542A.003 of the Texas Insurance Code before filing suit, that argument is not supported by the language of Article 542A.003, or any case law interpreting it. Article

542A.003(a), (e) provides:

> (a) In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.
>
> * * *
>
> (e) To ensure that a claimant is not prejudiced by having given the presuit notice required by this chapter, a court shall dismiss without prejudice an action relating to the claim for which notice is given by the claimant and commenced:
>
> (1) before the 61st day after the date the claimant provides presuit notice under Subsection (a);
>
> (2) by a person to whom presuit notice is given under Subsection (a); and
>
> (3) against the claimant giving the notice.

TEX. INS. CODE ANN. § 542A.003 (West).

Here, the record shows that Landmark filed this declaratory judgment action on March 8, 2019 – almost three weeks *before* it received a notice letter from Memorial Place. While Article 542A.003 of the Texas Insurance Code speaks to the timing of a declaratory judgment action *after* an insurer receives notice of an insured's claim, Article 542A.003 does not address the situation at issue herein, where this action was filed *before* Landmark received Memorial Place's notice of March 27, 2019. Consequently, dismissal cannot be premised on Landmark's failure to comply with Article 542A.003.[1]

---

[1] It goes without saying, however, that Landmark raced to the courthouse to file this declaratory judgment action, knowing that Memorial Place would provide it with the required notice under Article 542A.003(a), and knowing that Memorial Place would be unable to file suit until sixty days after such notice was received. So, while the filing of this action by Landmark does not technically violate the filing provisions of Article 542A.003, it certainly goes against the purpose and intent of Article 542.003.

5

Finally, with respect to Memorial Place's argument that the Court should exercise its discretion and decline to entertain this declaratory judgment action, while that argument bears careful consideration, such consideration is hampered by the procedural posture of, and motions pending in, the related case of: *SCD Memorial Place II LLC and SCD Memorial Lakes I LLC v. Landmark American Insurance Company, and Certain Underwriters at Lloyd's, London, Subscribing to Policy Number E16NP08710*, Civil Action No. H-19-2401 (Hanen, J). In that related case, Memorial Place, along with SCD Memorial Lakes I LLC ("Memorial Lakes") filed suit in state court on May 28, 2019, against each of their respective deductible buy back insurers, with Memorial Place asserting a claim against Landmark, and Memorial Lakes asserting a claim against Certain Underwriters at Lloyd's, London, Subscribing to Policy Number E16NO08710 ("Lloyd's"). The case was removed to federal court on July 3, 2019, on the basis of diversity jurisdiction. Memorial Place and Memorial Lakes subsequently filed a Motion to Remand, arguing that there was not complete diversity between the named Plaintiffs and Defendants. While Lloyd's directly opposed that Motion to Remand, Landmark filed a Motion to Sever the claims asserted by Memorial Place against it from the claims asserted by Memorial Lakes against Lloyd's. A Memorandum and Recommendation on those pending motions has now been entered, recommending that the Motion to Remand be granted and the Motion to Sever be denied. The pendency of that Memorandum and Recommendation and the determination on whether the related case will be remanded means that an assessment of whether the Court should exercise discretion over this, first-filed declaratory judgment case, cannot yet be made. *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (Factors to consider in determining whether to abstain from deciding a declaratory judgment action include: "1) whether there is a pending state action in which all of the

6

matters in controversy may be fully litigated[;] 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant[;] 3) whether the plaintiff engaged in forum shopping in bringing the suit[;] 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist[;] 5) whether the federal court is a convenient forum for the parties and witnesses[;] and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy") (internal citations omitted). Instead, such a determination should only be made when the subject matter jurisdiction issues in the related case are resolved and the Court can fully and properly consider whether the Court should exercise jurisdiction over this case, which solely contains declaratory judgment claims, and which was filed in anticipation of the filing of the related case.

### III. Conclusion and Recommendation

Based on the foregoing, and the conclusion that dismissal of this declaratory judgment action is not currently warranted on any of the grounds advanced by Defendant SCD Memorial Place II LLC, the Magistrate Judge

RECOMMENDS that Defendant SCD Memorial Place II, LLC's Motion to Dismiss (Document No. 12) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from

attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 19th day of December, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE