IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-838 |
| SCD MEMORIAL II, LLC, *et al*, | § § § | |
| Defendants. | § § | |

## **ORDER**

Plaintiff Landmark American Insurance Company ("Landmark") filed this declaratory judgment action, seeking a judgment that it is not liable in an insurance dispute related to damages allegedly caused by Hurricane Harvey. Under the terms of the insurance policy, Landmark insured Defendant SCD Memorial II, LLC ("Memorial") against the perils of "Windstorm or Hail associated with a Named Storm." (Doc. No. 8-4). Plaintiff alleges that it cannot be held liable because the damages here were caused by flooding and not by wind or hail. Defendant filed a motion to dismiss, arguing that the damages fell within the plain terms of the agreement because Hurricane Harvey, obviously had a name and was a windstorm and that Plaintiff failed to comply with Article 542A.003 of the Texas Insurance Code by failing to wait to file this suit until sixty-one days after receiving notice of a claim. Further, Defendant argued that this Court should exercise its discretion and dismiss this case on abstention grounds due to Defendant's separately filed lawsuit alleging breach of contract by Plaintiff for failure to pay out on the insurance contract.[1] The United States Magistrate Judge issued a decision denying the motion to dismiss on

---

[1] This sister suit was filed in state court, then removed to this Court. That suit is styled: *SCD Memorial Place II LLC & SCD Memorial Lakes I LLC v. Landmark American Insurance Company & Certain Underwriters at Lloyd's, London, Subscribing to Policy Number E16NP08710*, Civil Action No. H-19-2401 ("*Memorial II*").

1 / 3

all grounds, holding that a motion to dismiss was not the correct procedural mechanism for addressing the interpretation of the agreement and that Article 542A.003 did not apply here because Plaintiff filed this suit *before* receiving notice of a claim. The Magistrate Judge also declined to consider whether to dismiss this case on abstention grounds, as the sister suit, which originally filed in state court, had been removed to this Court with a pending motion to remand.

The Court agrees with, and hereby adopts, the Magistrate Judge's recommendation on the merits of the motion to dismiss. Initially, the Court believes that summary judgment is the appropriate procedural mechanism for resolving this contract dispute and that Article 542A.003 does not apply here.

While the Magistrate Judge's recommendation did not consider it appropriate to determine whether the Court should abstain from ruling on the merits of this case, the Court will engage in this inquiry. Since the Magistrate Judge's recommendation was filed, this Court has remanded the sister suit to state court. *See* (*Memorial II*, Doc. No. 31). In determining whether to abstain from deciding a declaratory judgment suit, courts consider the following factors:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
3) whether the plaintiff engaged in forum shopping in bringing the suit;
4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
5) whether the federal court is a convenient forum for the parties and witnesses; and
6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). After considering these factors, the Court does not believe abstaining from deciding this declaratory judgment suit is appropriate. Defendant argues that this Court should dismiss this case on abstention grounds because Plaintiffs essentially forum-shopped by filing this case in federal court.

2 / 3

Ironically, this was the same argument Plaintiff made against the Defendant in the sister case. Just as the Court did not believe that Memorial engaged in improper conduct in the sister suit by joining their lawsuit to a non-diverse defendant, see (*Memorial II*, Doc. No. 31), the Court does not believe Landmark has engaged in improper conduct by filing this suit here. Plaintiff also argues that inconsistent outcomes could result. The Court notes that this was the first case filed, and, typically, it is the later case that is stayed. While the Court recognizes this could hypothetically result in conflicting decisions, it nevertheless believes this is the appropriate path forward.

The Court notes that, consistent with the Magistrate Judge's advice, the Defendant in this matter has filed a motion for summary judgment and the Plaintiff has responded. That motion is ripe and has been referred to the Magistrate Judge, and the parties await the decision.

Therefore, the Court **ADOPTS** the Magistrate Judge's Memorandum and Recommendation and **DENIES** Defendant's Motion to Dismiss (Doc. No. 12).

Signed this 12 day of February, 2020.

Andrew S. Hanen
United States District Judge