United States District Court
Southern District of Texas
**ENTERED**
April 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-0838 |
| | § | |
| SCD MEMORIAL PLACE II, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred for all pretrial proceedings is Defendant's Motion for Summary Judgment (Document No. 29) and Plaintiff's Response and Cross Motion for Summary Judgment (Document No. 32). Having considered the cross motions for summary judgment, each side's response to the other's motion, the terms of the insurance policy made the basis of this declaratory judgment action, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No. 29) be GRANTED, and Plaintiff's Cross-Motion for Summary Judgment (Document No. 32) be DENIED.

## I.      Background

On March 8, 2019, Plaintiff Landmark American Insurance Company ("Landmark") filed this lawsuit against its insured, SCD Memorial Place II, LLC ("Memorial Place"), seeking a declaration that the "Deductible Buy Back policy" it issued to Memorial Place does not cover the loss sustained to the property located at 15377 Memorial Drive, Houston, during and in connection with Hurricane Harvey. According to Landmark, the damage to the property was "flood" damage,

not windstorm damage, and consequently, the insurance and its coverage language: "Perils Covered: Windstorm or Hail associated with a Named Storm," does not apply to the damage sustained. Landmark "seeks a declaration including, but not limited to, the following:

> A. The Landmark Policy provides deductible buy back coverage only if the loss at issue was caused by the perils of Windstorm or Hail associated with a Named Storm;
>
> B. The Landmark Policy does not provide buy back coverage for losses caused by the peril of flood;
>
> C. Because the loss at the Property was caused by the peril of flood, there is no deductible buy back coverage under the Landmark Policy for SCD Memorial's Hurricane Harvey claim;
>
> D. Because the loss at the Property was not caused by the perils of windstorm or hail, there is no deductible buy back coverage for SCD Memorial's claim under the Landmark policy.

Plaintiff's First Amended Complaint (Document No. 8) at 11.  Memorial Place sought dismissal of the case.  In an Order entered on February 12, 2020, Memorial Place's Motion to Dismiss was denied, subject to the issues being raised and decided upon motions for summary judgment (Document No. 33).  The parties' cross motions for summary judgment followed.  Each is fully briefed and ripe for ruling.


II.    **Summary Judgment Standard in Insurance Disputes**

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or

referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

An insurance coverage dispute like this is amenable to resolution in a summary judgment context. *Alley Theatre v. Hanover Ins. Co.*, ___ F.Supp,.3d ___, Civil Action No. H-19-1987, 2020 WL 520631 *4 (S.D. Tex. Jan. 31, 2020) ("When an insurance contract is not subject to challenge for ambiguity, its interpretation is a question of law for the court, appropriate for summary judgment"). In reaching a resolution on summary judgment, state law rules of contract interpretation are applied, with the court giving "effect to the intentions of the parties as expressed by the policy language," *American Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 323 (5th Cir.2001), and interpreting the policy as a matter of law. If the policy provisions are not ambiguous, the policy will be construed as written, with undefined and operative terms being given their ordinary and usual meaning. *Aggreko, L.L.C. v. Chartis Specialty Ins. Co.*, 942 F.3d 682, 688 (5th Cir. 2019); *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex.2008); *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984). If the policy provisions are ambiguous, that is, they are subject to more than one reasonable interpretation, the provisions are construed against the insurer. *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex.2003); *Grain Dealers Mut. Ins. Co. v.*

3

*McKee*, 943 S.W.2d 455, 458 (Tex.1997); *Schnabel v. Philadelphia Am. Life Ins. Co.*, 795 F.Supp. 816, 822–823 (S.D.Tex.1992). "The fact that the parties disagree as to whether there is coverage or the extent of coverage does not create an ambiguity." *Alley Theatre,* 2020 WL 520631 at *4.

### III.  Discussion

Whether there is coverage for the damage at issue in this case starts and ends with the policy language. And, that policy language is sparse. The "Insuring Clause" of the "Deductible Buy Back Coverage Form" states:

> Subject to the limitations, terms and conditions contained in this Policy or added hereto, the Company agrees to indemnify the insured named in the schedule herein in respect of direct physical loss or damage to the property described in the schedule while located or contained as described in this schedule, occurring during the period stated in the schedule and caused by any of such perils as are set forth in item 3 of the schedule, and which are also covered by and defined in the policy/ies specified in the schedule and issued by the "Primary Insurer(s)" stated therein.

(Document No. 32-5 at 12). Item 3 of the "Deductible Buy Back Schedule," states only the following:

> 3.     Perils Covered:  Windstorm or Hail associated with a Named Storm**
>                 Excluding Terrorism
>                 ** Following Named Storm definition in Lexington Insurance
>                 Company's policy

(Document No. 32-5 at 10). There is no dispute that Memorial Place is an insured under the Policy and no dispute that the property at issue is described in the schedule. Moreover, there is no dispute, whatsoever, that Hurricane Harvey was a "Named Storm" within the meaning of the Policy. The only dispute is whether the damage sustained to the Property was "direct physical loss or damage" that was "caused by": "Windstorm or Hail associated with a Named Storm." Because there was no

direct physical loss or damage to the property caused by "*Hail* associated with [Hurricane Harvey]," at issue is only whether there was direct physical loss or damage to the property caused by "*Windstorm* associated with [Hurricane Harvey]."

Landmark argues that "Windstorm" means something separate and apart from Hurricane Harvey, and that only damage caused by the wind aspect of a windstorm is covered. Memorial Place, in contrast, argues that because Hurricane Harvey was a "windstorm," the terms "Windstorm" and "Named Storm" in Item 3 of the Deductible Buy Back Schedule are synonymous, and any damage caused by Hurricane Harvey is covered.

The word "Windstorm" is not defined in the policy. And, unlike the word "Hail" that is also mentioned in Item 3 of the Deductible Buy Back Schedule, there is no definitiveness to any commonly accepted definition of "windstorm." Courts have held that a hurricane is a windstorm. *See Pan Am Equities, Inc. v. Lexington Ins. Co.*, No. CV H-18-2937, 2019 WL 2115173, at *3 (S.D. Tex. May 2, 2019) ("a hurricane is 'a windstorm by any definition' "); *Balog, Inc. v. U.S. Fid. & Guar. Co.*, No. CIVA106CV586LTSRHW, 2007 WL 1599748, at *3 (S.D. Miss. June 4, 2007) (This Court has ruled that 'Hurricane Katrina was a windstorm by any definition. Indeed, the definition of a hurricane is based on the strength of the winds it generates.'");*Leonard v. Nationwide Ins. Co.*, No. 1:05CV475 LTS-RHW, 2006 WL 1674288, at *1 (S.D. Miss. June 13, 2006) ("A hurricane is a type of windstorm"); *see also Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 681 (5th Cir. 2011) ("The American Heritage Dictionary defines 'hurricane' as a 'severe tropical cyclone ... usually involving heavy rains.'"). In addition, Texas courts have noted that windstorms may or may not be accompanied by significant amounts of rain. *Fireman's Ins. Co. of Newark, N.J. v. Weatherman*, 193 S.W.2d 247, 248-49 (Tex. App. – Eastland 1946). Here, where the policy does

not define "windstorm," and where Courts in this Circuit have concluded that a hurricane is a windstorm, the undersigned concludes that Hurricane Harvey falls within the meaning of "windstorm" in the policy at issue.  That means, for purposes of coverage in this case, that there is coverage if there was "direct physical loss or damage" that was "caused by" Hurricane Harvey.

While Landmark argues that equating Hurricane Harvey with both the term "windstorm" and "Named Storm" results in an interpretation of the policy that does not give any real meaning to those two, separate terms, and essentially renders one of the terms redundant, it is for the Court to view the policy as written, and not as Landmark could, or should have, written it.  That means that although Landmark insists the policy does not cover damage to the property caused by rising flood waters, but would cover water damage resulting from high winds (like roof or structure damage that allowed rainwater into the building), no such distinction was made in the policy as to either the type of damage covered or the manner in which the damage occurred.  Landmark could have made that distinction, but it did not.  Instead, with a mere eight words in the "Covered Peril" section of the policy ("Windstorm or Hail associated with a Named Storm"), Landmark seeks to deny coverage for flood damage that was clearly "associated with" Hurricane Harvey – Hurricane Harvey being both a windstorm and a "Named Storm" within the meaning of the policy.

At bottom, this dispute is not so much about the language and terms in the Perils Covered section of the policy itself, but rather, on Landmark's insistence that Memorial Place is seeking coverage for a type of damage that was not contemplated by the policy.  But, because the policy does not provide (or limit), coverage based on the *type of damage* or the *manner in which the damage was*

6

*caused*, Landmark is not entitled to the coverage declarations it seeks in this case.[1]  Accordingly, the Magistrate Judge

RECOMMENDS that Defendant SCD Memorial Place II, LLC's Motion for Summary Judgment (Document No. 29) be GRANTED, Plaintiff Landmark American Insurance Company's Motion for Summary Judgment (Document No. 32) be DENIED, and that Plaintiff's Request for declaratory relief be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 14th day of April, 2020.

Frances H. Stacy
United States Magistrate Judge

---

[1] It is the word "windstorm" in the Perils Covered provision of the policy that leads to this result, for "windstorm," while a noun, also describes a specific type of storm, and a hurricane is, without question, a type of windstorm.